UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN LAGO,

                           Plaintiff,

-against-

FRANK J. BISIGNANO,[1] Commissioner of
Social Security,

                           Defendant.

**MEMORANDUM & ORDER**
**14-CV-5688 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is the Motion for Attorney Fees Under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), filed by counsel for Plaintiff Juan Lago, Binder & Binder, LLP ("Counsel"), on October 8, 2025.[2] (Couns.' § 406(b) Mot. for

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the defendant in the underlying social security action, Commissioner Frank J. Bisignano, has been automatically substituted for the prior Acting Commissioner, Carolyn W. Colvin. Fed. R. Civ. P. 25(d) (mandating automatic substitution of a public officer's successor when the public official "is a party in an official capacity" and "ceases to hold office while the action is pending"); *see, e.g., Lieberman v. Bisignano*, No. 19-CV-2870 (NSR) (AEK), 2025 WL 2933589, at *1 n.1 (S.D.N.Y. Aug. 12, 2025), *report and recommendation adopted*, 2025 WL 2600344 (S.D.N.Y. Sept. 8, 2025); *Susca v. O'Malley*, No. 20-CV-9592 (AT) (VF), 2024 WL 3905663, at *1 n.1 (S.D.N.Y. Aug. 1, 2024), *report and recommendation adopted sub nom. Susca v. Comm'r of Soc. Sec.*, 2024 WL 3904797 (S.D.N.Y. Aug. 22, 2024); *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *1 n.1 (E.D.N.Y. Aug. 17, 2023).

[2] Although the motion is filed under Mr. Lago's name, "the real party in interest . . . is Binder & Binder, who seeks to obtain a . . . fee award under § 406(b)." *Fields v. Kijakazi*, 24 F.4th 845, 852 n.7 (2d Cir. 2022) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)); *see also Williams v. Kijakazi*, 797 F. Supp. 3d 164, 173 (E.D.N.Y. 2025) ("Though a motion for attorney's fees under section 406(b) is filed under [p]laintiff's name, counsel is the true party in interest.") (internal citation omitted).

1

Att'y Fees (Dkt. 18); Couns.' Mem. of L. in Supp. of § 406(b) Mot. ("Couns.' Mot.") (Dkt. 18-2).) Counsel requests $85,484.75 to be paid out of Mr. Lago's past-due benefits as compensation for the 28.20 hours of attorney time spent representing Mr. Lago before this court from late September 2014 through March 2015.[3] (Couns.' Mot. at 4; Binder Aff. (Dkt. 18-3) ¶ 15; Stmt. of Fed. Ct. Hours ("Couns.' Hours R.") (Dkt. 18-4 at ECF p.4).) Defendant Commissioner of Social Security (the "Commissioner") does not oppose the motion,[4] but notes that "[a]warding the full amount requested by [C]ounsel would result in reimbursement at a rate of $3,031.37 per billed hour."[5] (Comm'r's Resp. to Couns.' Mot. Dated 12/1/2025 ("Commr.'s Initial Resp.") (Dkt. 20) at 2 n.1.)

In order to fulfill its obligation to conduct an "independent check[]" to "assure" that Counsel's requested contingency fee is "reasonable," the court requires a complete record and additional information. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *Fields v. Kijakazi,* 24 F.4th 845, 853 (2d Cir. 2022) (same).[6] Consequently, the court DIRECTS Counsel to submit the

---

[3] Counsel's hours calculation includes the 1.30 hours of attorney time spent in connection with the motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), prepared and filed after this case was closed on March 25, 2015. (*Compare* Couns.' EAJA Mot. for Att'y Fees (Dkt. 13) (dated April 24, 2015), *with* Clerk's J. (Dkt. 12) (dated March 25, 2015).) Upon retaining Counsel, Mr. Lago assigned any interest he may have had in that award to Counsel. (Retainer Agreement (Dkt. 18-4 at ECF p.2).)

[4] That is because while "the Commissioner has no direct financial stake in the outcome of this motion," he "plays a part in the fee determination resembling that of a trustee for the claimant[]." (Commr.'s Initial Resp. at 1 (quoting *Gisbrecht,* 535 U.S. at 798 n.6).)

[5] The Commissioner reaches this figure pursuant to the following calculation: $85,484.75 (amount requested) / 28.20 (court hours) = $3,031.37. (*Id.* at 2 n.1.)

[6] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

supplemental materials herein ordered **within 30 days** of the entry of this Memorandum and Order.

## I.    BACKGROUND

On November 6, 2009, Mr. Lago applied for Social Security Disability Insurance benefits, but the Social Security Administration ("SSA") denied his application. (Binder Aff. ¶ 1.) After the SSA's denial of benefits became final, Mr. Lago decided to seek judicial review of that administrative determination. (*Id.* ¶ 3.) On September 6, 2014, he executed a document entitled "U.S. District Court Retainer Agreement and Assignment" (the "Retainer Agreement"), which authorized Counsel "to appeal the denial of Social Security benefits to [this court]." (*Id.*) Under the Retainer Agreement, if the court remanded Mr. Lago's case to the SSA (which it did), and if on remand Mr. Lago secured an award of past-due benefits (which he has), Counsel would be entitled to apply for a fee of up to 25% of the past-due benefits awarded to Mr. Lago for representing him in federal court—but only upon approval of this fee "by the U.S. District Court pursuant to §406(b)." (Retainer Agreement (Dkt. 18-4 at ECF p.2) ¶ II.)

Represented by Counsel, Mr. Lago initiated the above-captioned action pursuant to 42 U.S.C. § 405(g) on September 29, 2014. (Compl. (Dkt. 1).) After he served a motion for judgment on the pleadings, (*see* Couns.' Ltr. to Comm'r re Pl.'s Mot. for J. on the Pleadings ("Couns.' Ltr. re Serv. of Mot.") (Dkt. 8)), the parties stipulated to remand the case to the SSA, (Stip. of Remand (Dkt. 9)). In an order dated March 23, 2015, the court entered the stipulation and remanded the case for additional administrative proceedings. (Stip. & Order Remanding Case (Dkt. 11).) Judgment was entered, and the case was closed, on March 25, 2015. (Clerk's J. (Dkt. 12).)

The court's order of remand triggered extensive agency proceedings. (*See* Binder Aff. ¶¶ 6-7.) On February 23, 2024, an

3

Administrative Law Judge entered a decision finding Mr. Lago disabled from an amended onset of disability date of March 25, 2014.[7] (*Id.* ¶ 7.) The determination became final on September 24, 2025, when the SSA issued a Notice of Award informing Mr. Lago that he is entitled to "monthly disability benefits . . . beginning September 2014" for a total past-due benefit award amount of $341,939.00.[8] (Not. of Award (Dkt. 18-4 at ECF p.6) at ECF p.6.) On October 8, 2025, Counsel filed the motion for attorneys' fees now pending before the court.[9]

---

[7] When Mr. Lago first filed for disability benefits in November 2009, his onset of disability date was October 16, 2009. (Binder Aff. ¶ 1.) At the hearing on February 23, 2023, Mr. Lago—represented by Counsel—amended his onset date to March 25, 2014. (*Id.* ¶ 7.)

[8] The Notice of Award does not explicitly state the total past-due benefits to which Mr. Lago is entitled. The court arrives at this $341,939.00 sum by multiplying the $85,484.75 withholding—which the Notice of Award indicates is 25% of past-due benefits, (Not. of Award at ECF p.8)—by 4.

[9] Regardless of whether a court remands a benefits claim for further administrative proceedings or for the payment of past-due benefits, a motion for fees under Section 406(b) is not ripe until the SSA calculates the amount of past-due benefits and issues a Notice of Award. *See* 42 U.S.C. § 406(b)(1)(A); *see also Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019) (holding that the 14-day period to file a Section 406(b) motion "starts to run when the claimant receives notice of the benefits calculation").

## II.  DISCUSSION

The court requires additional information before it can determine the reasonableness of Counsel's requested contingency fee.

### A.  Legal Framework

Section 406(b) "controls fees" for the successful representation of social security claimants in federal court. *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht*, 535 U.S. at 794). The statute authorizes a court to determine and award fees, subject to two criteria: (1) the fee must not exceed "25 percent of the past-due benefits to which the claimant is entitled"; and (2) the fee must be "reasonable." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 807 (same); *Fields*, 24 F.4th at 852-53 (same). Within the 25% statutory cap, the "the attorney for the successful claimant" bears the burden of showing that "the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807; *see also Leonard v. Kijakazi*, No. 20-CV-2832 (NG), 2022 WL 17582390, at *2 (E.D.N.Y. Dec. 12, 2022) (same).

When, as here, the fee is requested pursuant to a contingency arrangement, Section 406(b) "calls for court review of [the] arrangement[] as an independent check, to assure that [the agreement] yield[s] reasonable results in [the] particular case[]." *Gisbrecht*, 535 U.S. at 807; *Fields*, 24 F.4th at 853 (same). That is, "courts should 'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808); *see also Williams v. Kijakazi*, 797 F. Supp. 3d 164, 174 (E.D.N.Y. 2025) (same). If the requested contingency fee is within the 25% statutory cap, and there is no evidence of fraud or overreaching in making the contingency agreement, the court tests only whether the requested fee is "reasonable." *Fields*, 24 F.4th at 853; *see also Saposnick v. Kijakazi*, No. 23-CV-3600

5

(PKC), ___ F. Supp. 3d ____, 2026 WL 850592, at *3 (E.D.N.Y. Mar. 27, 2026) (same).

The court's reasonableness determination is a matter of discretion, but "should" include consideration of three factors: (1) "the character of the representation and the result the representative achieved"; (2) whether "the [claimant's] attorney is responsible for delay";[10] and (3) "if the benefits are large in comparison to the time that counsel spent on the case—the so-called 'windfall' factor." *Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808). These factors are not exhaustive, but "examples of factors a court might consider in conducting [the] reasonableness analysis." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). While application of the first two factors is "straightforward," that of the third "windfall factor . . . is less clear." *Id.* Consequently, both the Supreme Court and the Second Circuit have provided additional guidance for how the district courts should evaluate the factor.

In *Gisbrecht*, the Supreme Court identified certain evidence a court "may require" the claimant's attorney to submit—including a record of the hours spent representing the claimant before the district court and "a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808. Then, the Second Circuit clarified in *Fields* that when assessing whether a requested fee constitutes a "windfall," courts "must consider more than the de facto hourly rate,"[11] adding that

---

[10] Delay can be a "particular problem in cases like these, in which past-due benefits are at stake," because "delay increases the size of a plaintiff's recovery, [and thus] may also increase disproportionately a lawyer's contingent fee recovery." *Fields*, 24 F.4th at 849 n.2 (citing *Gisbrecht*, 535 U.S. at 791).

[11] That is because a fee awarded under Section 406(b) does not operate as a "fee-shifting" mechanism between parties but represents compensation that the successful claimant personally pays to his counsel out of the past-due benefits he is awarded. *Id.* at 853-54 (first citing *Wells v. Sullivan*, 907

"[a]mong the factors to be considered," are: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do"; (2) "the nature and length of the professional relationship with the claimant—including . . . the time spent and work performed by counsel on the case when it was pending at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," (collectively, the four *"Fields* factors"). *Fields*, 24 F.4th at 854-56; *see also Williams*, 797 F. Supp. 3d at 174 (same).

### B.  Counsel Shall File Supplemental Materials

To properly evaluate the *Fields* factors, the court requires additional information. Thus, the court directs Counsel to file the supplemental materials described below.

At the pre-motion conference, Counsel represented that this court has before it the "same information" that the Second Circuit had before it in *Fields*. (Tr. of Pre-Mot. Conf. Dated 1/14/2026 ("PMC Tr.") (Dkt. 23) at 9:05-06.) Not so.

***First,*** the *Fields* decision makes clear that consideration of its factors requires evaluation of both: (1) the complete administrative record leading up to the federal court action; and (2) any briefing submitted during the merits stage of the federal court case.[12]

---

F.2d 367, 370-71 (2d Cir. 1990); and then citing *Gisbrecht*, 535 U.S. at 799, 807); *see also Pierce v. Comm'r of Soc. Sec.*, No. 23-CV-2481 (KHP), 2026 WL 121790, at *1 (S.D.N.Y. Jan. 16, 2026) (same).

[12] A survey of recent social security cases shows that the district courts in this circuit all similarly interpret *Fields*, relying on both the length and complexity of the administrative record and the length and quality of the claimant attorney's briefing (if any) to evaluate the *Fields* factors. *See, e.g., Saposnick*, ___ F. Supp. 3d ___, 2026 WL 850592, at *4-5; *Williams*, 797

*Fields*, 24 F.4th at 854 (relying on the length and complexity of the administrative record and Counsel's briefing to determine whether Counsel's "specialization and expertise enabled them to operate especially efficiently" before the district court), 855 (relying on the administrative record to conclude that it was "quite likely" that Counsel's "significant investment of time and effort in [the] case at the agency level further enabled [Counsel] to operate with efficiency in the federal courts"), 856 (relying on the length and quality of Counsel's briefing to conclude that the effort it took for Counsel to "advanc[e] the claim in the district court" weighed in favor of the requested fee's "reasonableness"). Here, however, the court is missing these documents.

The court has before it only the two annexed letters: (1) the Commissioner's December 29, 2014 letter to Counsel verifying service of "a password protected CD containing the administrative record," (Comm'r's Ltr. to Couns. re Serv. of Tr. Admin. (Dkt. 6)); and (2) Counsel's February 27, 2015 letter to the Commissioner that "[e]nclosed for joint filing, . . . an original of Plaintiff's Motion for Judgment on the Pleadings together with hi[s] Memorandum of Law in support of same," (Couns.' Ltr. re Serv. of Mot. at 1). Therefore, the court directs Counsel to submit full and accurate copies of: (1) the administrative record that the Commissioner sent to Counsel on December 29, 2014; and (2) the Motion for Judgment on the Pleadings together with the Memorandum of Law that Counsel submitted to the Commissioner on February 27, 2015.

---

F. Supp. 3d at 175; *Timothy G. v. Comm'r of Soc. Sec.*, No. 18-CV-9235 (BCM), 2025 WL 486774, at *5 (S.D.N.Y. Feb. 12, 2025); *Munoz*, 2023 WL 5310742, at *2; *Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *3 (E.D.N.Y. June 12, 2023); *Daniels v. Comm'r of Soc. Sec.*, No. 20-CV-0430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022); *Ricciardi v. Comm'r of Soc. Sec.*, No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022).

8

*Second*, *Fields* instructs that "courts should consider the nature and length of the professional relationship with the claimant— including any representation at the agency level—when determining whether a requested fee can truly be deemed a windfall." *Fields*, 24 F.4th at 855. When evaluating this factor, the *Fields* court relied on evidence demonstrating that Counsel had represented the claimant prior to the filing of the district court action—including "since the start of agency proceedings." *Id.* This court lacks comparable information.

Unlike the record in *Fields*, the evidence before the court regarding the nature and length of the professional relationship between Counsel and Mr. Lago is unclear. (*Compare* PMC Tr. at 3:04-05 (stating that Counsel has represented Mr. Lago for 13 years), *and* Couns.' Mot. at 2 (same), *with* PMC Tr. at 6:22 (stating that Counsel has represented Mr. Lago for 11 years), *and* Retainer Agreement (signed September 6, 2014).) Consequently, the court directs Counsel to submit a sworn statement describing the nature and length of its professional relationship with Mr. Lago—"including any representation at the agency level," *Fields*, 24 F.4th at 855—prior to the filing of the Complaint on September 29, 2014.

*Third*, *Fields* requires the court to consider "the satisfaction of the disabled claimant." *Id.* In the absence of any indication that the claimant "objects to the fee award" and observing that Counsel "*specifically represents* that [the claimant] has not objected to the request for fees," the *Fields* court concluded that "there is no reason to think [the claimant] is dissatisfied." *Id.* (emphasis added). Here, Counsel has made no such representation. Instead, Counsel affirms only that "[a] copy of this motion has been forwarded to [Mr. Lago]." (Binder Aff. ¶ 16; *see also* Couns.' Mot. at 2 ("A copy of this motion for fees has been sent to the Plaintiff at Plaintiff's last known address.").) Even so, the district courts in this circuit will presume the claimant's satisfaction when: (1) "there

9

is no evidence to the contrary"; and (2) the claimant "received the past-due benefits [he initially] sought, and counsel was not responsible for any delays that might have warranted dissatisfaction." *Saposnick,* ___ F. Supp. 3d ___, 2026 WL 850592, at *5 (collecting cases).[13] But this is far from the typical social security case, and it is not clear that Mr. Lago did, in fact, receive the results that he initially sought.

The court's preliminary review shows that Mr. Lago received his first past-due benefit award 10 years after signing the Retainer Agreement and that he received only a portion of the benefits that he had sought originally. (*Compare* Binder Aff. ¶ 1 (identifying October 16, 2009 as the onset of disability date), *with* Not. of Award at ECF p.7 (awarding past-due benefits from an onset date of March 25, 2014).) Consequently, without more, the court is reluctant to presume Mr. Lago's satisfaction with his representation and with the results of this case.[14] Therefore, the court directs Counsel to submit a sworn statement specifically representing: (1) whether Mr. Lago is satisfied with his representation and the results of this case; and (2) whether Mr. Lago objects to Counsel's requested fee.

***Finally,*** the court determines that its reasonableness inquiry will be aided by "a statement of the lawyer's normal hourly billing

---

[13] *See also Thomas v. Comm'r of Soc. Sec. Admin.,* No. 22-CV-3322 (PKC), 2026 WL 873015, at *4 (E.D.N.Y. Mar. 30, 2026) (same); *Timothy G.,* 2025 WL 486774, at *5 (same); *Munoz,* 2023 WL 5310742, at *3 (same); *Hill v. Comm'r of Soc. Sec.,* No. 20-CV-3821 (PKC), 2023 WL 4827265, at *4 (E.D.N.Y. July 27, 2023) (same).

[14] *Cf. Munoz,* 2023 WL 5310742, at *3 (presuming that the claimant was satisfied because "she was awarded benefits for the *entirety* of her alleged disability period") (emphasis added); *Goodwin v. Comm'r of Soc. Sec. Admin.,* No. 24-CV-1139 (NRM) (SIL), 2026 WL 41232, at *3 (E.D.N.Y. Jan. 7, 2026) (finding "no indication" that the claimant was dissatisfied with his representation because "[t]hat representation ultimately produced *complete* success") (emphasis added).

10

charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808. In support of its motion, Counsel has submitted a purported time-sheet, showing the total number and itemization of hours that attorneys Daniel S. Jones and Charles E. Binder spent represent-ing Mr. Lago in federal court. (Couns.' Hours R.) But this "timesheet" provides no indication of the attorneys' hourly rates. (*Id.*)

"Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Stewart v. Comm'r of Soc. Sec.*, No. 24-CV-3053 (OEM), 2025 WL 1207658, at *2 (E.D.N.Y. Apr. 26, 2025); *Danny F. v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-1371 (TWD), 2024 WL 2237151, at *3 (N.D.N.Y. May 17, 2024) (same); *Louis D. v. O'Malley*, No. 21-CV-0238 (CR), 2025 WL 4668940, at *2 (D. Vt. Jan. 24, 2025) (similar). That is, while "the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding," *Fields*, 24 F.4th at 854 (emphasis in orig-inal) (quoting *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010)), Counsel's "record of the hours spent representing the claimant and a statement of [their] normal hourly billing charge for non-contingent-fee cases" may serve "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," *Gisbrecht*, 535 U.S. at 808. *See also Lavey v. Berryhill*, No. 17-CV-6782 (LDH) (VMS), 2021 WL 8317095, at *3 (E.D.N.Y. Feb. 3, 2021) ("Although the lodestar analysis, by which the number of hours reasonably devoted to a case is mul-tiplied by a reasonable hourly fee, is not dispositive of whether fees requested in connection with a Section 406(b) application are unreasonably large in comparison to the amount of time counsel spent on a case, a court may require a claimant's attorney to submit a record of the hours spent representing the claimant

and a statement of the lawyer's normal billing charge for noncontingent cases to serve as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement.").

The court requires the billable hourly rates that Messrs. Jones and Binder charged in noncontingent cases between September 2014 and March 2015 to help evaluate the reasonableness of the requested fee in this particular case. Thus, Counsel's submission is currently incomplete. *See Gisbrecht*, 535 U.S. at 808. Therefore, the court directs Counsel to submit the billable hourly rates that Messrs. Jones and Binder charged in noncontingent cases by anonymized hours statements filed in other similar cases. *See id.*

## III. CONCLUSION

For the above reasons, the record before the court is incomplete and the court DIRECTS Counsel to file the requested supplemental materials **within 30 days** of the entry of this Memorandum and Order. Those materials are:

1) a full and accurate copy of the administrative record that the Commissioner provided to Counsel on December 29, 2014;
2) full and accurate copies of the Motion for Judgment on the Pleadings and the supporting Memorandum of Law that Counsel provided to the Commissioner on February 27, 2015;
3) a sworn statement from Counsel describing the nature and length of Counsel's professional relationship with Mr. Lago prior to the filing of the above-captioned action on September 29, 2014—including any representation at the agency level;
4) a sworn statement from Counsel specifically representing whether Mr. Lago is satisfied with his

representation and the results of this case, and whether Mr. Lago objects to the requested contingency fee; and

5) the billable hourly rates that Messrs. Jones and Binder charged in similar, noncontingent-fee cases between September 2014 and March 2015, by affidavit and anonymized bill examples.

Consideration of Counsel's motion for attorneys' fees is STAYED pending the submission and review of these materials.

SO ORDERED.


Dated:    Brooklyn, New York
          June 23, 2026

                                        s/Nicholas G. Garaufis, USDJ
                                        _____
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:JPP/jr

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 29, 2014

Law Offices of Harry J. Binder and Charles E. Binder, P.C.
60 East 42nd Street, Suite 520
New York, New York 10165

> Re:    Juan Lago v. Carolyn W. Colvin, Acting Commissioner
>        of Social Security, Civil Action No. CV-14-5688 (NGG)

Dear Mr. Binder:

The undersigned Special Assistant United States Attorney represents the Acting Commissioner of Social Security in the above referenced matter. Enclosed is a password protected CD containing the administrative record. Our office will send an email at fedcourt@binderandbinder.com containing the password and instructions for opening the CD.

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:    /s/ Jason P. Peck
       JASON P. PECK
       Special Assistant United States Attorney
       (718) 254-6085
       (212) 264-2493
       jason.peck@ssa.gov

Enclosure

LAW OFFICES
—
## HARRY J. BINDER
AND
## CHARLES E. BINDER, P.C.

60 EAST 42ND STREET
SUITE 520
NEW YORK, NEW YORK 10165
———

(212)-677-6801
FAX (646) 273-2196

February 27, 2015

Jason Peck
United States Attorney's Office
Eastern District Of New York
271 Cadman Plaza East, 7th Fl
Brooklyn, NY 11201

Re:    **Juan Lago v. Commissioner of Social Security**
       **Civil Action No.: 1:14-cv-05135-WFK**


Dear Mr. Peck:

Enclosed for joint filing, please find an original of Plaintiff's Motion for Judgment on the Pleadings together with him Memorandum of Law in support of same. Also, I have included a courtesy copy for Judge Garaufis as well as a copy for your records.

If I may provide any additional information, please do not hesitate to contact my office at 212-677-6801.

Sincerely,

/s/Charles E. Binder
CHARLES E. BINDER
CEB:dc

Enclosures

cc:    Nicholas G. Garaufis
       United States District Judge
       (cover letter only)